UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

-FILED-

JUN 13 2024

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA )
)
v. ) Cause No. 3:24-cr-38
)
)
CHARLES FRYBORT )

PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Caitlin M. Padula, Assistant United States Attorney, and the defendant, Charles Frybort, and Jacob Ahler, as attorney for the defendant, and show the Court they have entered into a plea agreement as follows:

1. I, Charles Frybort, have the ability to read, write and speak the English language.

2. I have received a copy of the Information and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information and

1

believe and feel that my lawyer is fully informed as to all such matters. My lawyer has counseled and advised with me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

> a. If I persisted in a plea of not guilty to the charge against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.
>
> b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Information separately.
>
> c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the

evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

d. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

e. At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

f. At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

g. In the event that I should be found guilty of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

6. I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-

3

sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

    a. I will plead guilty to the Information charging me with Unlawfully Engaging in the Business of Dealing in Firearms in violation of 18 United States Code Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D) because I am, in fact, guilty of the offense charged in the Information;

    b. I understand that the maximum possible penalty that may be imposed upon me for my conviction of the offense charged in the Information is a term of incarceration not to exceed five years, three (3) years of supervised release, a fine not to exceed $250,000.00; plus a special assessment of $100.00 in addition to any other penalty imposed (the $100.00 special assessment is due and payable prior to my sentencing hearing);

    c. The United States of America and I have also entered into the following agreements which are not binding upon the Court, and I understand that if the Court does not follow these agreements I will not be allowed to withdraw my guilty plea:

        i. In recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two point and, if eligible, an additional one point reduction in offense level for acceptance of responsibility; however, the government is not obligated to recommend I receive the acceptance of responsibility adjustment if I deny my involvement in the offense, give conflicting statements of my involvement, or

4

        engage in additional criminal conduct including any personal use of controlled substances;

    ii.    The parties agree the offense conduct and relevant conduct includes between 100 and 199 firearms; accordingly, an 8-point enhancement under U.S.S.G. §2K2.1(b)(1)(D) is appropriate;

    iii.    The United States of America recommends that the Court should impose a sentence at the bottom of the guideline range;

d.    I agree to forfeit to the United States any interest I may have in the firearms I sold and those I possessed in my house as listed in the Bill of Particulars filed in this case, firearm accessories, and all ammunition seized in this event. I acknowledge that these items are subject to forfeiture as property involved in or used in the commission of the offense. I further consent to the entry of orders of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2;

e.    I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;

f.    I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports,

or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

8. I am prepared to state to the Court the facts in this matter that cause me to believe that I am guilty of the crime charged in the Information to which I have agreed to plead guilty, including acknowledging the following facts:

> On or about April 17, 2021, I participated as a vendor for Central Indiana Gun Show in South Bend, Indiana, in the Northern District of Indiana. At this show, I sold multiple firearms to different buyers.
>
> At the time, I was willfully engaging in the business of dealing in firearms in that I was devoting time, attention and labor to dealing in the firearms as a regular course of trade or business. My principal objective was profit through repeatedly purchasing and reselling firearms, or purchasing lower receivers, building them into functional firearms and then selling the complete firearms.
>
> I have never been a licensed dealer of firearms.

9. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (1) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of **all** the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (2) the United States could seek to have

the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

10. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

11. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12. I understand and acknowledge that this agreement, once filed with the court, is a public document and available for public viewing.

/s/ *Charles Frybort*
Charles Frybort
Defendant

/s/ *Jacob Ahler*
Jacob Ahler
Attorney for Defendant

APPROVED:
CLIFFORD D. JOHNSON
United States Attorney

By: /s/ *Caitlin M. Padula*
Caitlin M. Padula
Assistant U. S. Attorney

7